## Hyde's Estate.

*Inheritance transfer tax—Collateral inheritance—Second appraisement—Omission of real estate—Appeal—Decedents' estates.*

1. There cannot, in the absence of fraud, accident.or mistake, be a second appraisement of a decedent's property for the purpose of the collateral inheritance tax. The only remedy for the erroneous exercise of judgment by the appraiser is by appeal.

2. Where, twenty-six years after the first appraisement, a second appraisement was made and two pieces of real estate included, which were alleged to have been omitted from the first, the second appraisement will be set aside on appeal, where no fraud or mistake is shown and the evidence was in effect that the first appraisement was satisfactory to the Register of Wills and all parties.

Appeal from collateral inheritance tax appraisement in estate of Lydia Ann Hyde. O. C. York Co.

*Cochran, Williams & Kain,* for appellant; *S. K. McCall,* for appellee.

WANNER, P. J., Oct. 3, 1921.—The decedent, Lydia Ann Hyde, died April 3, 1894, and a collateral appraisement of her estate was filed in the register's office on May 19, 1894, which omitted therefrom two tracts of land in which the decedent held an undivided interest under the will of her deceased father, Joshua Hyde. Upon the discovery of this omission, the present Register of Wills had a collateral appraisement of the interest of the decedent in said estate made, which was filed in his office on June 16, 1920. From that appraisement this appeal was taken, and it is contended that the first appraisement was final and conclusive, because no appeal therefrom was taken by the Commonwealth within the time prescribed by statute.

It was held in Moneypenny's Estate, 181 Pa. 309, that there cannot, in the absence of fraud, accident or mistake, be a second appraisement of the decedent's property for purposes of collateral inheritance tax, and that the only remedy for the erroneous exercise of judgment by the appraiser is by appeal.

It is conceded by counsel in this case that there is no evidence of fraud or accident in connection with the first appraisement in this estate. Neither is there sufficient evidence of any mistake of fact in regard to the decedent's real estate at the making of the first appraisement.

The appraiser, now a very aged man, has no specific recollection of the facts and circumstances attending that appraisement, and only speaks of a vague impression which he has that he appraised all the property which was pointed out to him. When, where or by whom this may have been done does not appear. This is manifestly insufficient to establish any mistakes of fact as to this real estate on the part of the appraiser in making the appraisement or to assist the court in determining its validity.

The testimony of D. K. Trimmer, Esq., the attorney who conducted the proceedings on behalf of the estate when the first appraisement was made, is much more direct and clear as to certain material facts within his knowledge. He says there were conversations between himself and the register or his deputy in relation to the Joshua Hyde will and the decedent's interests in this land under its provisions. He is not certain of the appraiser's presence at

1 D. & C.

these conversations, but he is certain, and repeatedly says, that the fact of the decedent's interest in the land in question was well known to all concerned, and that the result of the appraisement was apparently satisfactory to all. This statement was not contradicted, and the court has personal knowledge of the integrity and credibility of the witness, who is a highly respected member of this bar.

There is nothing in the evidence which proves that there was any mistake of fact as to the existence of the decedent's interest in this land at the time of the appraisement in the mind of either the register or the collateral appraiser. The burden of proving the existence of facts invalidating the first appraisement is on the Commonwealth, because the legal presumption is that the proceedings were regular and legal in all respects until the contrary is shown. This is, therefore, not a case of after-discovered property which was not known to the register or the collateral appraiser when the first appraisement was made, and which might, under the contention of appellee's counsel, be subject to appraisement.

The cases cited by counsel at the argument and those cited by the Supreme Court in Moneypenny's Estate, 181 Pa. 309, are all to the effect that, under circumstances like these, there can be no legal second appraisement of decedent's estate for collateral tax purposes.

The conclusion we reach from the evidence is that the omission of these tracts of real estate from the first appraisement was made by the appraiser with knowledge of the existence of the interest of decedent therein. If a mistake was made, it was an error of judgment on his part, for the correction of which the only remedy is an appeal: Moneypenny's Estate, 181 Pa. 309; Lucas's Estate, 21 Dist. R. 757.

Now, to wit, Oct. 3, 1921, the appeal is sustained and the collateral appraisement filed in the register's office by the collateral appraiser of the estate of Lydia Ann Hyde, deceased, on June 16, 1920, is hereby set aside.

From Richard E. Cochran, York, Pa.